DELBELLO, DONNELLAN,
WEINGARTEN, WISE & WIEDERKEHR, LLP
*Proposed Counsel for the Debtor*
One North Lexington Avenue
White Plains, New York 10601
(914) 681-0200
Jonathan S. Pasternak, Esq.
Dawn Kirby, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
In re:

FINGER LAKES DEBT PARTNERS, LLC,            Chapter 11
                                             Case No. 17-10043(RDD)

                Debtor.
----------------------------------------------------------------X

## DECLARATION OF GREGORY SHALOV PURSUANT TO LOCAL RULE 1007-2

GREGORY SHALOV, being duly sworn, deposes and says:

1. I am the managing member of Finger Lakes Capital Partners, LLC ("FLCP"), managing member of Finger Lakes Debt Partners, LLC (the "Debtor"), and I submit this declaration pursuant to Rule 1007-2 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York.

2. I have almost twenty years' experience in the financial industry. In 2003, I formed the Debtor, an asset management firm, along with my partner and friend V. Zubin Mehta.

3. The sole asset currently under management of the Debtor is a $3 million debt investment in a start up entity known as Tiber Industries, Inc. ("Tiber")

4. The Debtor believes there is significant value in its investment in Tiber Industries.

5. As the Court is aware, last year, FLCP received an adverse decision in a case it commenced against its largest investment partner, Lyrical Investment Opportunity, L.P.

1

("Lyrical"), forcing FLCP to seek relief under Chapter 11 in this Court under case no. 16- 22112.

6. Lyrical was also an investor in the Debtor, having been granted 2 distinct equity pieces for Lyrical's total equity investment of $3,650,000. First, it received a 78.61% equity stake in the Debtor as well as a subordinated "note" in the principal amount of $3,400,000 (the "Subordinated Note"), which notice clearly states, inter alia, that, for purposes of collection on the Subordinated Note, Lyrical shall be treated, for all purposes, as an equity interest holder and that the note shall be subordinate to all creditors of the Debtor. Second, Lyrical received an additional 5.78% equity piece in the principal amount of $250,000.

7. Notwithstanding the subordinated and "disguised" equity nature of the Subordinated Note, Lyrical accelerated the Subordinated Note and in 2015 commenced an action against the Debtor in New York Supreme state court, which resulted in entry of a judgment in favor of Lyrical on June 30, 2016.

8. Despite the express language contained in the Subordinated Note, Lyrical has been attempting to collect on the judgment by sending restraining notices and information subpoena to various parties including Tiber.

9. Such activities are interfering with the Debtor's sensitive relationship with Tiber at a time when the Debtor is trying to monetize its investment in Tiber for the benefit of *all* creditors and equity interests including Lyrical.

10. However, if Lyrical were permitted to enforce its judgment, it would in essence receive a preference over any actual creditors and other equity interest holders.

11. Accordingly, the Debtor filed for Chapter 11 relief in order to ensure that the assets of the estate, upon realization, will be distributed fairly and in accordance with the absolute priority rule as my attorneys have advised.

## **INFORMATION REQUIRED BY LOCAL BANKRUTPCY RULE 1007**

12. In addition to the foregoing, Local Bankruptcy Rule 1007-2 requires certain information related to the Debtor, which is set forth below.

**Local Rule 1007-2(a)(1)**

13. The Debtor is a Delaware limited liability company located at 6214 Riverdale Avenue, Suite 2C, Bronx, New York 10471.

**Local Rule 1007-2(a)(2)**

14. This case was not originally commenced under Chapter 7 or 13 of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq., as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005.

**Local Rule 1007-2(a)(3)**

15. Upon information and belief, no committee was organized prior to the order for relief in this Chapter 11 case.

**Local Rule 1007-2(a)(4)**

16. A list of the names and addresses of the Debtor's 20 largest unsecured claims, excluding those who would not be entitled to vote at a creditors' meeting and creditors who are "insiders" as that term is defined in 11 U.S.C. Section 101(31) is annexed hereto as **Exhibit A.**

**Local Rule 1007-2(a)(5)**

17. The Debtor has one disputed secured creditor. Jeffry Keswin allegedly filed a UCC financing statement with, inter alia, the Delaware Secretary of State. The UCC, however, does not describe any collateral owned by the Debtor. Moreover, Mr. Keswin, principal of Lyrical, is neither a creditor nor interest holder it he Debtor; nor did the Debtor ever execute a note or security agreement with Mr. Keswin. Accordingly such filing is disputed, unperfected and avoidable under the Bankruptcy Code as my attorneys have so advised.

**Local Rule 1007-2(a)(6)**

18. A balance sheet is annexed hereto as **Exhibit B**.

**Local Rule 1007-2(a)(7)**

19. There are no publicly held securities of the Debtor.

**Local Rule 1007-2(a)(8)**

20. None of the Debtor's property is in the possession of any custodian, public officer, mortgagee, pledge, assignee of rents, or secured creditor, or any agent for such entity.

**Local Rule 1007-2(a)(9)**

21. The Debtor does not lease and property.

**Local Rule 1007-2(a)(10)**

22. The Debtor's assets and records are located at its principal place of business at 6214 Riverdale Avenue, Suite 2C, Bronx, New York 10471.

**Local Rule 1007-2(a)(11)**

23. The Debtor is a party to one civil actions:

   *Lyrical Opportunity Partners, L.P. v. Finger Lakes Debt Partners,* New York Supreme Court, New York County, Index No. 652516/2015

**Local Rule 1007-2(a)(12)**

24. The Debtor's senior management consists of Gregory Shalov, manager, and V. Zubin Mehta, manager.

**Local Rule 1007-2(b)(1) and (2)**

25. The Debtor's estimated monthly payroll to employees for the thirty (30) day period following the Chapter 11 petition is zero ($-0-)

26. The Debtor's estimated monthly payroll and payments to officers, stockholders, and directors for the thirty (30) day period following the Chapter 11 petition is $0.

**Local Rule 1007-2(b)(3)**

27.     The Debtor estimates that it will operate at a break even in the 30 day period following the filing of the chapter 11 petition.  A 30-day budget is attached as **Exhibit C**.

## **CONCLUSION**

Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury that the foregoing is true and correct.

Dated: January 12, 2017

>                 */s/ Gregory Shalov*
> By:_____
>         Gregory Shalov, Manager

# EXHIBIT A

TWENTY LARGEST UNSECURED CREDITORS

NONE

# EXHIBIT B

## BALANCE SHEET

| Assets | |
|---|---|
| Cash | 364 |
| Principal Investment in Tiber | 3,150,000 |
| total | 3,150,364 |

| Equity Investments | |
|---|---|
| Lyrical Sub Note | 2,225,000 |
| Barry & Joan Shalov | 200,000 |
| Lyrical Opportunity Partners LP | 250,000 |
| Sam Caspersen | 100,000 |
| MA Hourihan | 250,000 |
| FLCP | 25,000 |
| Lara Shalov | 100,000 |
| Paid in Capital | 364 |
| | |
| Total SE & Liabilities | 3,150,364 |

**EXHIBIT C**

30 DAY BUDGET

Debtor does not anticipate any income or expenses during this period