UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:

                                                                                        Chapter 11

FINGER LAKE DEBT PARTNERS, LLC         Case No. 17-20000(RDD)

                      Debtor.
-----------------------------------------------------------X

**ORDER AUTHORIZING RETENTION OF
DELBELLO DONNELLAN WEINGARTEN WISE & WIEDERKEHR, LLP
AS ATTORNEYS FOR DEBTOR AND DEBTOR IN POSSESSION
<u>NUNC PRO TUNC AS OF THE PETITION DATE</u>**

**UPON** the application, dated January 11, 2017 (the "<u>Application</u>"), of the above-captioned debtor and debtor in possession (the "<u>Debtor</u>"), seeking an order authorizing the retention of DelBello Donnellan Weingarten Wise & Wiederkehr, LLP ("<u>DDWWW</u>") as bankruptcy counsel to the Debtor pursuant to § 327(a) of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "<u>Bankruptcy Code</u>") and Rule 2014 of the Federal Rules of Bankruptcy Procedure ("<u>Bankruptcy Rules</u>"); and upon the accompanying Affidavit of Jonathan S. Pasternak, Esq. dated January 24, 2017; and it appearing that Jonathan S. Pasternak, Esq. is an attorney duly admitted to practice in this Court, and the Court being satisfied that DDWWW neither represents nor holds any interest adverse to the Debtor or its estate, is disinterested within the meaning of § 101(14) of the Bankruptcy Code, and that its employment is necessary and in the best interest of the estate; and no additional notice or hearing being required, it is hereby

      **ORDERED,** that the Application is granted as set forth herein; and it is further

      **ORDERED**, that pursuant to § 327(a) of the Bankruptcy Code, the Debtor is authorized to retain DDWWW as its bankruptcy counsel in this case, *nunc pro tunc* as of the Petition Date (as that term is defined in the Application); and it is further

1

**ORDERED**, that the compensation and reimbursement of DDWWW for the services rendered and reasonable and necessary expenses incurred shall be sought upon, and paid only upon an order granting, a proper application pursuant to §§ 330 and 331 of the Bankruptcy Code, as the case may be, and the applicable Bankruptcy Rules, Local Bankruptcy Rules and fee and expense guidelines and orders of this Court; and it is further

**ORDERED**, that on or before ten days before implementing any increases in its rates in this case, DDWWW shall file a supplemental affidavit with the Court on notice to the Debtor, the United States Trustee and any official committee, which shall explain the basis for the requested rate increase(s_ in accordance with § 330(a)(3)(F) of the Bankruptcy Code and state whether the client has consented to it.  All parties in interest retain the right to object to any rate increase on any grounds; and it is further

**ORDERED**, that notwithstanding anything to the contrary in the Application or the Affidavit of Jonathan S. Pasternak, Esq, DDWWW shall apply any remaining amounts of its prepetition retainer as a credit toward postpetition fees and expenses, after such postpetition fees and expenses are approved pursuant to the first order of the Court awarding fees and expenses to DDWWW; and it is further

**ORDERED**, that to the extent the Application is inconsistent with this Order, the terms of this Order shall govern; and it is further

**ORDERED**, that the Court shall retain jurisdiction to hear and to determine all matters arising from or related to implementation of this Order;

Dated: White Plains, New York
       February 1, 2017

                                               /s/Robert D. Drain
                                             HONORABLE ROBERT D. DRAIN
                                             UNITED STATES BANKRUPTCY JUDGE

NO OBJECTION

UNITED STATES TRUSTEE

By:*/s/ Brian Masumoto*
    Brian Masumoto, Trial Attorney